**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Winnie Rosaline Kan

Plaintiff,

v.

Case No.: 1:26−cv−03022
Honorable Jeffrey I Cummings

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 15, 2026:

MINUTE entry before the Honorable Jeffrey I Cummings: The Court has reviewed plaintiff's supplement in response to the Court's 4/27/26 order, which reflects completed sales sufficient to proceed with this matter. Plaintiff's motion for leave to file under seal [22] is granted. However, plaintiff's motion for leave to conduct expedited discovery and electronic service of process [23] is denied without prejudice in light of the Seventh Circuit's ruling in Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., 177 F.4th 793 (7th Cir. 2026). In Kangol, the Seventh Circuit held that the Hague Service Convention "prohibits service by email in China." Id. at 795. The Court acknowledged, however, that the Convention does not apply if the defendant's address is unknown. Id. at799. "[C]ourts handling Schedule A cases typically require plaintiffs to make "'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." Id., quoting NBA Props., Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A", 549 F. Supp. 3d 790, 796 (N.D.Ill. 2021). Here, plaintiff has not made a proper showing that she has made reasonably diligent efforts to ascertain and verify each defendants' mailing address. Indeed, plaintiff's counsel's declaration in support of such efforts includes only conclusory and generic assertions. (See e.g., Dckt. #24−2 at 2) ("An investigation of the internet stores operating under the Defendant Internet Stores identified in Amended Schedule A to the Complaint shows that few, if any, provide a reliable physical address on the internet store"). These "bare assertions regarding the reliability of Defendant[s]' publicly available address[es] are not a substitute for actual diligence." NBA Props., 549 F.Supp.3d at 796. As such, if plaintiff ultimately files a renewed motion for electronic service, it must include the specific, diligent efforts taken to determine the physical address (and the outcome of those efforts) as to each defendant. Any renewed motions shall be filed by 11/6/26. The previously set 6/22/26 tracking status hearing is stricken and reset to 11/30/26 at 9:00 a.m. (to track the case only, no appearance is required). Mailed notice (cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.