**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

WINNIE ROSALINE KAN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-03022

Judge Jeffrey I. Cummings

Magistrate Judge Daniel P. McLaughlin

**DECLARATION OF WINNIE ROSALINE KAN**

I, WINNIE ROSALINE KAN, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the artist that creates the Winnie Kan Work. I make this declaration from matters within my knowledge save where otherwise stated.

3. I am an artist and illustrator. Animals, especially hamsters and small pets, inspire much of my artwork. I have been drawing for as long as I can remember. In 2015, I began accepting commissions first from a small group of friends. I then completed a project for an animal rescue and that exposure helped attract more customers. I have been earning a living from my designs ever since. I like to draw things that makes me happy, and in turn, I hope that happiness reaches my audience and makes them smile.

4. I am the official source of products associated with the Winnie Kan Work (the "Winnie Kan Products"):




https://www.redbubble.com/people/pawlove/shop?asc=u

5. I am the owner of the copyright registrations for the Winnie Kan copyrighted work, which is protected by United States Copyright Registration No. VA 2-453-706; (the "Winnie Kan Work"). A true and correct copy of the copyright registration for the Winnie Kan Work is attached hereto as **Exhibit 1**.

6. I control the quality of all materials and content that feature the distinctive Winnie Kan Work.

7. Substantial time, money, and other resources have been expended in developing, advertising, licensing, and otherwise promoting the Winnie Kan Work. As a result, the images are widely recognized and exclusively associated by consumers, the public, and the trade with my name.

8. The success of the Winnie Kan Work has resulted in significant infringement of my copyrights. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the

internet stores identified in Second Amended Schedule A attached to the Complaint ("Defendant Internet Stores"), which were offering for sale, selling, and importing unauthorized versions of the Winnie Kan Work to consumers in this judicial district and throughout the United States.

9. I am aware of investigations related to internet-based infringement of the Winnie Kan Work. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Winnie Kan Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that infringing Winnie Kan Product were being offered for sale to the United States, including Illinois. The Defendants and their websites do not conduct business with me and do not have the right or authority to use the copyrights for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as **Exhibit 2**.

10. Monetary damages alone cannot adequately compensate me for the ongoing infringement because monetary damages fail to address the loss of control of and damage to my reputation, goodwill, and control over the nature of the derivative works made using my copyrighted material. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to my reputation and goodwill by acts of infringement.

11. My goodwill and reputation are irreparably damaged when the Winnie Kan Work is used on unauthorized goods. I am further irreparably harmed by the unauthorized use of the Winnie Kan copyrighted materials because infringers take away my ability to control the nature and quality of products bearing the Winnie Kan Work and derivative works.

12. I am further irreparably damaged due to a loss of exclusivity. The copyright rights in the Winnie Kan Work are meant to be exclusive rights.

13. The marketing and distribution of the Winnie Kan Work and derivative works are aimed at growing and sustaining sales. When infringers use the Winnie Kan Work without authorization, the exclusivity associated with the Winnie Kan Work, as well as my reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

14. Uncontrolled profiteering and pirating of the Winnie Kan Work create the impression that the copyright rights associated with the Winnie Kan Work may be infringed with impunity. The Winnie Kan Work is distinctive and signifies to consumers that the products are authorized by me and are manufactured to my high-quality standards. When infringers use the Winnie Kan Work on goods without authorization, the exclusivity of my products and reputation are damaged and eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Winnie Kan Work cannot be compensated for financially since it erodes my ability to monetize the Winnie Kan Work.

15. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 16, 2026.

Winnie Rosaline Kan

Winnie Rosaline Kan