**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Winnie Rosaline Kan

Plaintiff,

v.

Case No.: 1:26−cv−03022
Honorable Jeffrey I Cummings

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, November 13, 2026:

MINUTE entry before the Honorable Jeffrey I Cummings: Plaintiff's motion for leave to file under seal [26], motion for leave to file excess pages [27], and motion for temporary restraining order, including a temporary injunction, asset restraint, and expedited discovery [28] are granted. At the outset, the Court notes that plaintiff has presented evidence of completed purchases of the allegedly infringing products to customers in Illinois, (Dckt. #21). See Liu v. Monthly, 170 F.4th 1090 (7th Cir. 2026). Moreover, plaintiff's submissions establish that, were defendants to learn of these proceedings before the execution of plaintiff's requested preliminary injunctive relief, there is a significant risk that defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, plaintiff may file under seal the documents identified in the motion to seal. The Temporary Restraining Order that will be being entered with this order will also be placed under seal. In addition, for the purpose of the motions cited above, plaintiff's filings support proceeding on an ex parte basis at this time. Specifically, and as noted above, were defendants to be informed of this proceeding before a TRO could issue, the Court finds that it is likely that their assets and websites would be redirected, thus defeating plaintiff's interests in identifying defendants, stopping defendants' infringing conduct, and obtaining an accounting. In addition, the evidence submitted by plaintiff shows a likelihood of success on the merits (including evidence of active infringement and sales into Illinois), that the harm to plaintiff is irreparable, and that an injunction is in the public interest. An injunction serves the public interest because of the consumer confusion caused by counterfeit goods, and there is no countervailing harm to defendants from an order directing them to stop infringement. Expedited discovery is warranted to identify defendants and to implement the asset freeze. Again, if plaintiff intends to file a motion for leave for electronic service, it must comply with the dictates of Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., 177 F.4th 793, 799 (7th Cir. 2026). In Kangol, the Seventh Circuit held that the Hague Service Convention "prohibits service by email in China." Id. at 795. The Court acknowledged, however, that the Convention does not apply if the defendant's address is unknown. Id. at 799. "[C]ourts handling Schedule A cases

typically require plaintiffs to make "'reasonably diligent efforts to ascertain and verify [the] defendant';s mailing address' before deeming the defendant's address unknown." Id., quoting NBA Props., Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A", 549 F. Supp. 3d 790, 796 (N.D.Ill. 2021). "[B]are assertions regarding the reliability of Defendant[s]' publicly available address[es] are not a substitute for actual diligence." NBA Props., 549 F.Supp.3d at 796. Enter Sealed TRO. The 11/30/26 tracking status hearing is stricken and reset to 1/4/27 at 9:00 a.m. (to track the case only, no appearance is required). Mailed notice (cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.